UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SIDNEY D. JENKINS, III,<br><br>                     Plaintiff,<br><br>      v.<br><br>MICHAEL MEYERS,<br><br>                     Defendant. | No.  CV-12-5053-EFS<br><br>**ORDER GRANTING DEFENDANT MEYERS' MOTION FOR SUMMARY JUDGMENT, ENTERING JUDGMENT, AND CLOSING THE FILE** |

    On May 2, 2012, Plaintiff Sidney D. Jenkins III filed a *pro se* 42 U.S.C. § 1983 complaint, ECF No. 1, against Defendant Sergeant Michael Meyers for violating the First and Fourteenth Amendments to the United States Constitution.  Mr. Jenkins claims Sgt. Meyers' rejection of prayer oil that Mr. Jenkins had ordered from an unauthorized vendor deprived him of his free exercise and equal protection rights.  *Id.*  Sgt. Meyers seeks summary judgment on Mr. Jenkins' claims because 1) the evidence does not establish triable issues of fact, and 2) he is entitled to qualified immunity.  ECF No. 25.  Mr. Jenkins opposes summary judgment arguing the deprivation of prayer oil was unreasonable and asserting Sgt. Meyers went against "precedent" to deprive him of prayer oil based on racial and religious prejudice.  ECF No. 33.  Having reviewed the record and the relevant

authority, the Court is fully informed and grants Sgt. Meyers' summary judgment motion for the reasons provided below.

**A.   Statement of Facts[1]**

Mr. Jenkins is in the custody of the Washington Department of Corrections (DOC) at the Washington State Penitentiary (WSP). Mr. Jenkins, an Ithna-Asheri Shiite Muslim, uses prayer oil as part of his religious practice. ECF No. 12 at 2.

DOC regulations require that items purchased by inmates come from an approved vendor list managed by the DOC. ECF No. 27. A vendor is placed on this list so long as they comply with Material Safety Data Sheets (MSDS) which allow the DOC to determine the oil's Hazardous Material Identification System (HMIS) rating. *See* ECF No. 26, at 2. The purpose of the rating is to determine "the health, flammability, and reactivity" of the religious oil. ECF No. 27, at 2.

In April 2012, a DOC policy change required religious packages to be processed through the WSP property room and then forwarded to the chaplain, rather than being processed solely by the chaplain. ECF No. 26. As a result of this policy change, it was discovered the chaplain had been using an outdated vendor list which inadvertently

---

[1] When considering this motion and creating this factual section, the Court 1) believed the undisputed facts and the non-moving party's evidence, 2) drew all justifiable inferences therefrom in the non-moving party's favor, 3) did not weigh the evidence or assess credibility, and 4) did not accept assertions made by the non-moving party that were flatly contradicted by the record. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255 (1986); *Scott v. Harris*, 550 U.S. 372, 380 (2007).

allowed inmates to buy religious oil from an unauthorized vendor. ECF No. 26. Due to this mistake, inmates were granted a one-time exception to the policy in September 2011. *Id.* Inmates who received packages from unauthorized vendors were notified that no further exceptions would be made. *Id.*

On December 7, 2011, a package of religious oil from an approved vendor was received by Mr. Jenkins and signed for by the chaplain as the "issuing officer."[2] ECF No. 37. In early December 2011, Mr. Jenkins ordered more prayer oil, using a different vendor, Garden of Fragrances. ECF No. 12, at 7. However, on January 12, 2012, when the oil was received, Garden of Fragrances was not an approved vendor. *Id.* Therefore, Sgt. Meyers rejected the package on January 12, 2012.

Mr. Jenkins claims Sgt. Meyers violated his constitutional rights of free exercise and equal protection under § 1983. ECF No. 12, at 11, 14. Sgt. Meyers seeks summary judgment. ECF No. 25.

**B. Standard**

Summary judgment is appropriate if the record establishes "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party opposing summary judgment must point to specific facts establishing a genuine dispute of material fact for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). If the non-moving party fails to

---

[2] The Court grants Mr. Jenkins' Request to Supplement Exhibits ECF No. 37.

make such a showing for any of the elements essential to its case for which it bears the burden of proof, the trial court should grant the summary judgment motion. *Celotex Corp.,* 477 U.S. at 322.

**C.  Analysis and Conclusion**

Mr. Jenkins asserts two claims under § 1983, which states:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. To establish a *prima facie* case under § 1983, the plaintiff must first show that the conduct was under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). In this case, it is undisputed that Sgt. Meyers acted under color of state law as his actions were pursuant to DOC policy. ECF No. 28, at 3; *see also Lugar v. Edmondson Oil Co.,* 457 U.S. 922, 999 (1982) (defining color of state law as "[m]isuses of power possessed by the virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.").

The second element of a *prima facie* § 1983 case is whether the conduct violated a constitutional right. *West*, 487 U.S. at 48. It is disputed whether Sgt. Meyers' conduct violated Mr. Jenkins' First Amendment free exercise and Fourteenth Amendment equal protection rights. The Court addresses each constitutional issue in turn.

**a.  Mr. Jenkins has not shown a First Amendment violation.**

Mr. Jenkins claims a First Amendment violation because his order of prayer oil was rejected on January 12, 2012, leaving him without

prayer oil to conceal his sins. ECF No. 33. Sgt. Meyers argues that Mr. Jenkins has not presented evidence to establish a triable issue of fact.

The First Amendment states:

> Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances.

U.S. Const. amend. I. Inmates retain their First Amendment free exercise rights. *Shakur v. Schriro,* 514 F.3d 878, 883-84 (9th Cir. 2008). Yet, in order to seek protection under the free exercise clause, the inmate must have a sincerely held belief that has a religious basis.[3] *Shakur*, 514 F.3d at 885; *Callahan,* 658 F.2d at 683.

The prison may regulate the free exercise rights of an inmate as long as the regulations are "reasonably related to legitimate penological interests." *Turner v. Safley,* 482 U.S. 78, 89 (1987). The reasonableness of a prison's regulation is assessed using the four-factor *Turner* balancing test:

> 1. Whether there is a "'valid, rational connection' between the prison regulation and the legitimate governmental interest put forward to justify it";
> 2. Whether there are "alternative means of exercising the right that remain open to prison inmates";
> 3. Whether "accommodation of the asserted constitutional right" will "impact . . . guards and other inmates,

---

[3] The standard used by the defendant in their motion for summary judgment, the "centrality test" is no longer used. *See Shakur*, 514 F.3d at 884 ("Given the Supreme Court's disapproval of the centrality test, we are satisfied that the sincerity test set forth in Malik and Callahan determines whether the Free Exercise Clause applies.").

        and on the allocation of prison resources generally"; and
4.    Whether there is an "absence of ready alternatives" versus the "existence of obvious, easy alternatives."

*Shakur,* 514 F.3d at 884 (citing *Turner,* 482 U.S. at 89-90).

    Here, the Court accepts as true Mr. Jenkins' assertion that his beliefs are sincere and his use of prayer oil has the religious purpose of concealing sins. ECF No. 12, at 2, 9.

    The Court assesses now whether the prison's prayer oil policy is reasonable under the *Turner* factors. Under *Turner* factor one, the governmental interest behind the HMIS is to ensure the safety and security of the facility. ECF No. 25. The HMIS determines "the health, flammability, and reactivity" of the religious oil. ECF No. 27, at 2. Religious oil with a HMIS hazard rating of two or higher is not allowed because chemicals with this rating have flammable, health, or caustic issues. *Id.* If a vendor did not submit a MSDS to show the oils are safe or meet a rating of less than two, the vendor is not approved. *Id.* Mr. Jenkins argues there is no rehabilitative or deterrent effect to the regulations, challenging the legitimate penological interest. ECF No. 33, at 8. However, the prison regulation need not serve a rehabilitative or deterrent effect. Based on the evidence before the Court, the Court finds there is a valid, rational connection between the prison regulation and the legitimate governmental interest put forward to justify it.

    Under *Turner* factor two (the alternative means factor) and *Turner* factor four (the absence of ready alternatives factor), Mr. Jenkins does not raise a triable issue of fact because Sgt. Meyers

Q:\EFS\Civil\2012\cv-12-5053-efs.docx

ORDER GRANTING SUMMARY JUDGMENT - 6

provided evidence showing Mr. Jenkins had the ability to purchase prayer oil at all relevant times. ECF Nos. 30-1, -2, -3. Mr. Jenkins' arguments on this issue are not substantiated by evidence.

Lastly, unapproved oil is potentially flammable and reactive. ECF No. 27, at 2. Therefore, under *Turner* factor three, an accommodation would impact the health and safety of guards and other inmates.

Overall, Mr. Jenkins did not present evidence of a pattern or practice of continuously shifting previously authorized vendors to unauthorized status. The Court finds that this one-time rejection of prayer oil (due to Garden of Fragrances no longer being an authorized vendor) by Sgt. Meyers fails fails to establish a triable issue of fact to support Mr. Jenkins' free exercise claim. Therefore, the Court grants summary judgment in Sgt. Meyers' favor as to Mr. Jenkins' free exercise claim.

**b.   Mr. Jenkins has not shown a Fourteenth Amendment violation.**

Mr. Jenkins alleges Sgt. Meyers violated his Fourteenth Amendment equal protection rights because four months prior to his package rejection, eleven inmates ordered prayer oils from unauthorized vendors and were allowed to receive the packages on a one-time basis. ECF No. 29-1. Sgt. Meyers seeks summary judgment on this claim because no "precedent" was established based on the exception in September. ECF No. 25 at 7.

The Fourteenth Amendment reads in pertinent part:

> No State shall make or enforce any law which shall . . . deny to any person within its jurisdiction the equal protection of the laws.

U.S. Const. amend. XIV, § 1. Under the equal protection clause, the state must "treat all similarly situated people equally." *Shakur,* 514 F.3d at 891 (citing *City of Cleburne v. Cleburne Living Ctr.,* 473 U.S. 432, 439 (1985)). Prisoners must be given the opportunity to pursue their faith "comparable to the opportunity afforded fellow prisoners who adhere to conventional religious precepts." *Cruz v. Beto,* 405 U.S. 319, 322 (1972). Reasonableness of regulations abridging equal protection are also subject to *Turner*. *See* supra p. 4.

Here, Mr. Jenkins failed to establish a triable issue of fact as to whether he was treated unlike similarly situated inmates. He offers no evidence to show other inmates in the relevant time frame were given preferential treatment or that he was or Muslims in general were, singled out. Additionally, Sgt. Meyers provides evidence showing that no further exceptions were made regarding religious items after discovery of the outdated vendor list in September 2011. ECF No. 29, at 3-4. The evidence presented by Mr. Jenkins shows that on September 8, 2011, inmates were allowed to receive packages from unauthorized vendors. He goes on to argue that this created a precedent; staff mistakes would be resolved in favor of the inmate. ECF No. 12, at 14. Mr. Jenkins also provides an exhibit showing that, although the procedure had changed, the chaplain was still signing off on religious packages in December 2012. ECF No. 37. However, the record does not show a violation of equal protection rights by Sgt. Meyers, who was implementing a reasonable DOC policy, and the package the chaplain signed off for in December was from an authorized vendor.

Therefore, after reviewing all of the evidence in Mr. Jenkins' favor, the Court grants summary judgment in Sgt. Meyers' favor on the equal protection claim.

    **c.    Qualified Immunity.**

The Court grants summary judgment to Sgt. Meyers on the above claims, therefore, the Court need not address Sgt. Meyers' qualified immunity argument.

**D. Conclusion**

For the above-given reasons, **IT IS HEREBY ORDERED**:

1. Mr. Jenkins' Request to Supplement Exhibits**, ECF No. 37,** is **GRANTED.**
2. Sgt. Meyers' Motion for Summary Judgment**, ECF NO. 25,** is **GRANTED.**
3. Judgment is to be entered in Sgt. Meyers favor.
4. All pretrial and trial dates and deadlines are **STRICKEN.**
5. Pending motions, including Defendant's Motion to Stay Trial Date and All Pretrial Deadlines, **ECF No. 38**, are **DENIED AS MOOT.**
6. This file shall be **CLOSED.**

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to Mr. Jenkins and counsel.

**DATED** this 25th day of July 2013.

                            s/Edward F. Shea
                              EDWARD F. SHEA
              Senior United States District Judge